HARRY S. HIGGINS *vs.* BATES STREET SHIRT COMPANY ET AL.

Androscoggin.    Opinion February 24, 1930.

*Thaxter, White & Willey,* for petitioner.
*William B. Mahoney,*
*Eben F. Littlefield,* for respondent.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DEASY, C. J.    In this Workmen's Compensation case the Commission refused to grant compensation and ordered the dismissal of the petition. The employer is the Bates Street Shirt Company (corporation) located at Lewiston. The petitioner was at the time of the accident President of that corporation. He resided at the Columbia Hotel in Portland. On the second day of February, 1929, he left his residence, went first to the office of the corpora-

tion's attorneys and then to the office of the corporation's auditors. In both cases his purpose was the transaction of business for the corporation. After leaving the auditors' office he took a car for Lewiston. Leaving the car after it reached Lewiston he walked along Bates Street toward the corporation's factory. When he had nearly reached the factory he fell and suffered the injury for which he claims compensation.

The Act provides compensation for employees injured by accident. It defines "employee" as one who performs services for another under any contract of hire, express or implied, subject to some exceptions not affecting the present case. The authorities hold that a president of the corporation is not precluded from becoming an employee within the meaning of the above definition. A corporation may hire its president to perform services for it under circumstances which will make him an employee. Honnold on Workmen's Compensation, Volume I, page 173; *Southern Surety Company* v. *Childers* (Okl.), 209 Pacific, 927.

But the burden rests upon the petitioner to make out his case (*Taylor's Case*, 126 Me., 450). He has the burden of proving that he was an employee as defined by the Statutes. In the instant case no evidence appears showing that the petitioner was *hired* by the corporation to perform services for it. So far as appears his duties were simply those pertaining to his office.

When the president of a corporation acts only as such, performing the regular executive duties pertaining to his office he is not an employee within the meaning of the Statutory definition. *Donaldson* v. *Donaldson Co.* (Minn.), 223 N. W., 772; *Atchinson* v. *Industrial Commission* (Wis.), 205 N. W., 806; *Skouitchi* v. *Cloak and Suit Co.*, 230 N. Y., 296, 130 N. E., 299.

See to same effect an exhaustive note citing many authorities in 15 A. L. R., page 1288.

It is argued that our Act in defining the term employee expressly excludes "officials of the State, County, Town, or Water Districts." If necessary to exclude such public officials it is said that a fortiori it would be necessary to except officers of a private corporation.

The Supreme Court of Errors of Connecticut, speaking through Judge Thayer answering a similar argument, says, rightly we think

that "there was no occasion for excepting them." *Sibley* v. *State*, 96 Atlantic, 163.

It not being proved that the petitioner was at the time of the accident an employee it is unnecessary to pass upon the other defenses raised. We hold that the Commission was right in dismissing the petition.

*Appeal dismissed.*
*Decree below affirmed.*