DANTE SORMANTI *vs.* MARSOR JEWELRY CO., INC.

NOVEMBER 23, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an original petition under the workmen's compensation act, general laws 1938, chapter 300, to obtain compensation and certain expenses following an injury to the petitioner. After a hearing in the superior court a decree was entered awarding him compensation and medical expenses. From the entry of that decree each party duly appealed to this court.

The following findings of fact are embodied in the decree: First, that on December 1, 1952 petitioner was an employee of the respondent corporation; second, that on that date he received a personal injury arising out of and in the course of his employment; and third, that he was entitled to maximum compensation for total disability from December 1, 1952 to March 30, 1954, to maximum compensation for partial incapacity from March 31, 1954, and to the payment of reasonable medical expenses. The petitioner contends that the third finding is erroneous since he was totally and permanently disabled. On the other hand respondent argues that there was error in all the findings. It urges that petitioner was not an employee at the time of the accident and consequently he was not entitled to any compensation under the act. However, it also argues

that if he was an employee, then the third finding was correct.

The respondent offered no evidence. It concedes that on December 1, 1952 petitioner, while working on a power saw in its plant, extensively and severely lacerated his lower right wrist. Nor does it question the resulting serious impairment in the use of his right hand. The basic question in the case therefore is whether on that date and occasion he was working as an employee or whether he was acting in his capacity as an executive officer of the corporation.

The evidence shows that for a number of years prior to April 1951, when respondent was incorporated under its present name, the business of manufacturing jewelers' findings was conducted as a partnership by petitioner's mother and R. A. Marsella and his wife Jenny Marsella. Upon incorporation, one hundred fifty shares of stock were issued by the corporation, fifty going to petitioner and fifty to each of the Marsellas. He was then elected and has since continued to be its vice-president and secretary but receives no pay for his services in either of these capacities.

It is undisputed that from 1947 to the date of incorporation in 1951 petitioner was an employee of the partnership, operating various machines and doing other general work for wages. A fair reading of the evidence relating to his activities after incorporation shows that, notwithstanding certain modifications as to his hourly rate of compensation and in the manner of reporting his working time, there was no substantial change in the kind of work that he performed for the corporation. Furthermore, respondent's pay roll book and its employer's federal tax returns, which are in evidence, consistently include petitioner's name in the list of employees. Upon consideration of the entire record the trial justice concluded that "the status of the petitioner as an employee of the partnership did not change when the business was incorporated, even though he did become a stockholder and officer."

Omitting provisions not pertinent here, our compensation act, like most of such acts, defines the word "employee" in general terms as "any person who has entered into the employment of, or works under contract of service or apprenticeship with any employer * * *." G. L. 1938, chap. 300, article IX, §1 (b). In the absence of a more specific definition, resort must necessarily be had to the common-law rules of master and servant according to which, broadly speaking, the status of a person as an employee depends upon whether the employer has or has not retained power of control or superintendence over him. The final test is the right of the employer to exercise power of control rather than the actual exercise of such power. *Henry* v. *Mondillo,* 49 R. I. 261, 264.

It is generally held that it is impossible to determine the relationship of employer and employee by any hard and fast rule. Ordinarily no single phase of the evidence is determinative of the question and all features thereof must be considered together. In other words, the answer to such question depends in each case upon its particular facts taken as a whole. See 1 Schneider Workmen's Comp., §220, p. 575. In the analagous case of *Henry* v. *Mondillo, supra,* which arose under the compensation act, this court pertinently observed, at page 264, that "the surrounding facts are so variable in this class of cases that it is difficult, if not absolutely impossible, to find any two that are on all fours. Many cases are plainly on one side of the equation, and may be readily classified as showing the relation of master and servant; others are just as plainly to be deemed cases of independent contract; while the middle ground is traversed by still other cases that pass by imperceptible stages from one side to the other." The quoted statement tersely sets forth our views in the matter.

The law in this class of cases is well settled. However, difficulty frequently arises in its application to the circumstances in a given case, especially if the evidence is reason-

ably open to different inferences and conclusions. It is rather common for an officer of a small corporation, whose executive duties demand only a very limited fraction of his time, to be employed in work for the corporation which, if performed by anyone else, would make such person an employee. Unless there is such identity between the alleged employee and the corporation that it deprives the latter of the power to control the relationship of employer and employee, as where the employee is practically the corporation or owns enough stock to dictate its policy and prudential affairs, it is generally held that a corporate officer performing nonexecutive work attended with the normal incidents of employment is an employee. For illustrative cases see *In re Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Manfield & Firman Co.* v. *Manfield,* 95 Ind. App. 70; *Korovilas* v. *Bon Ton Renovating Co.*, 219 Minn. 294; *Hirsch* v. *Hirsch Brothers, Inc.,* 97 N. H. 480; *Higgins* v. *Bates Street Shirt Co.,* 129 Me. 6; *Emery's Case,* 271 Mass. 46; *Adam Black & Sons, Inc.* v. *Court of Common Pleas, Hudson County,* 8 N. J. Misc. 442; *Stevens* v. *Industrial Comm'n,* 346 Ill. 495; *Dewey* v. *Dewey Fuel Co.,* 210 Mich. 370; *Columbia Casualty Co.* v. *Industrial Comm'n,* 200 Wis. 8; *Pierstorff* v. *Gray's Auto Shop,* 58 Idaho 438; *Millers' Mutual Casualty Co.* v. *Hoover,* Tex. Civ. App., 216 S.W. 475. See also 1 Larson Workmen's Comp., §54.21, pp. 786-788. In the instant case the trial justice applied such law to the evidence, and his findings as to respondent's liability are without error.

Under his appeal the petitioner contends in substance that since he could not use his right hand, the trial justice erred in not finding him totally and permanently disabled under the "odd lot" doctrine. The short answer to such contention is that there was no evidence warranting the application of that doctrine in the circumstances of this case. On the record presently under consideration the petitioner's claim that the third finding was erroneous is clearly without merit.

The appeals of both the petitioner and respondent are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

BAKER, J., did not participate in the decision.

*Raymond J. Pettine, Walter J. Hennessey,* for petitioner.

*Charles H. Anderson,* for respondent.