GLENN R. BEANY *vs.* PAUL ARPIN VAN LINES CO.

MAY 18, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This employee's original petition for compensation was heard by a trial commissioner who entered a decree denying and dismissing the same after finding that the petitioner had failed to prove by a fair preponderance of the evidence that he was an employee of the respondent at the time of his injury. It was affirmed by the decree of the full commission on November 26, 1963. The petitioner is now in this court on an appeal from that decree.

It appears from the record that respondent engages in the business of transporting goods and merchandise in interstate commerce by motor carrier, in the conduct of which it uses a number of vans commonly referred to as trailers. A trailer, when loaded with goods for transportation, is attached to a motor vehicle known as a tractor, by which it is hauled to its destination. The respondent is the owner of a number of such tractors, and it acquires the use of others by contract with the owners thereof. It appears in the instant case that on March 30, 1962 respondent entered into an agreement with Robert Hartley, hereinafter referred to as Hartley, for the lease of a tractor owned by him. Under the terms of the lease Hartley was to furnish the tractor upon demand with all necessary labor for its use on trips to destinations to be specified by respondent. His compensation under such lease was to be paid in the way of a fixed fee for each trip, all expenses thereof being borne by him. It is not disputed that petitioner was injured while he was engaged in assisting Hartley on a trip to the state of Georgia.

The agreement between respondent and Hartley provided, in pertinent part "(c) That during the period or periods when the vehicle is operated under this lease, The Lessor agrees to provide for all insurance, equipment and

materials supplied, maintenance and operating expenses, wages of driver (s), all taxes, including social security, workmen's compensation, and withholding tax." It is not disputed that on May 18, 1962 respondent directed Hartley to haul a loaded trailer to Georgia and that on such date he hired petitioner to accompany him on the trip and assist him both in operating the tractor and in handling the merchandise. Neither is it in dispute that he paid petitioner a total of $90 in wages for such trip. The record does not disclose to what extent, if any, Hartley complied with the terms of subsection (c) above quoted.

The commission, in reaching its conclusion that petitioner was not an employee of respondent at the time of his injury, applied the correct rule of law, relying primarily on *Sormanti* v. *Marsor Jewelry Co.*, 83 R. I. 438. Noting the vagueness of the statutory definition of an employee, §28-29-2 (b) of the act, it referred to the test this court prescribed at page 441 thereof: "In the absence of a more specific definition, resort must necessarily be had to the common-law rules of master and servant according to which, broadly speaking, the status of a person as an employee depends upon whether the employer has or has not retained power of control or superintendence over him. The final test is the right of the employer to exercise power of control rather than the actual exercise of such power."

An examination of the record discloses an abundance of evidence tending to establish that petitioner was hired by Hartley to assist him in driving the tractor on the Georgia trip; that he was paid for such work by him; and that at all times he was under his direction and control. Without attempting to evaluate such evidence, we direct attention to the absence from the record of any evidence establishing that respondent had in any manner power to control or supervise petitioner in this employment. In short, the commission's finding that petitioner was not an employee of respondent at the time of his injury rests upon legally

competent evidence in the record. In such circumstance it is settled that the findings of the commission are conclusive upon this court absent fraud. *Varin* v. *Lymansville Co.*, 87 R. I. 463.

The petitioner inquires also as to the effect of certain provisions of the Interstate Commerce Commission leasing regulations, Ex Parte No. MC-43, §207.4, on his status as an employee of respondent. The regulation to which reference is made provides that "authorized carriers may perform authorized transportation in or with equipment which they do not own only under the following conditions"; and in §207.4 (4) provides further that the contract shall provide "for the exclusive possession, control, and use of the equipment, and for the complete assumption of responsibility in respect thereto, by the lessee for the duration of said contract, lease or other arrangement * * *." It appears from the record to be conceded that the agreement here under which the tractor was leased to respondent did not include provisions for the lessee's exclusive possession and control and for its complete assumption of responsibility as prescribed in §207.4.

In this circumstance we are constrained to assume that petitioner is not arguing that the lease, deficient as it is in this respect, constituted him an employee of respondent or that he contends seriously that the regulation should be given a penal construction by holding that noncompliance with such provision of the regulation gives him status as an employee of respondent. Because the noncompliance of the parties with these provisions of the regulation in effecting the lease is conceded, we do not pass upon the question whether such contract, when conforming to the terms of the regulation, would by its own terms make him an employee of respondent.

We perceive nothing in the pertinent regulation that in the instant circumstances would warrant its being construed either as making the driver of a leased vehicle an

employee of the lessee as a matter of law or as prescribing a test for determining the status of such a driver as an employee of the lessee with respect to a claim for workmen's compensation. This argument was advanced and disposed of in *Gibson* v. *Moore Motor Freight Lines, Inc.*, 246 Minn. 359. There the court rejected this contention, saying at page 365: "Further, there is nothing in the regulation which attempts to define employer-employee relationship for workmen's compensation act purposes or suggests that the Interstate Commerce Commission is therein prescribing criteria by which the state courts may determine whether the *lessor*, or the *lessee*, in a lease covered by the regulation is the *employer* of a driver of a vehicle covered thereby." It is our opinion that the relationship of employee and employer is to be decided under the terms of our own statute and the decisions of this court relevant on that issue.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Gunning & LaFazia, Bruce M. Selya, Albert B. West,* for respondent.