225 A.2d 790.

RENE MARTINES *vs.* TERMINAL METHODS, INC.

JANUARY 26, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This is an original petition under the compensation act in which the petitioner seeks both benefits for incapacity and specific compensation for loss by severance of the middle and ring fingers of his left hand. It comes to us on the petitioner's appeal from a decree of the full commission affirming a decree of a single commissioner. He denied the relief prayed for on the ground that the petitioner did not establish that he was an employee of the respondent corporation within the contemplation of the act.

The law in this state is settled that in compensation proceedings the controlling test for determining the existence of an employer-employee relationship is the right of an employer to exercise control and superintendence over his employees. *Henry* v. *Mondillo,* 49 R. I. 261; *Beany* v. *Paul Arpin Van Lines Co.,* 98 R. I. 193, 200 A.2d 592. We recognize, of course, that a person whose executive duties are limited and whose usual tasks, if performed by anyone else, would make him an employee, will be treated as an employee under the act even though he is a corporation officer. *Davies* v. *Stillman White Foundry Co.,* 91 R. I. 337. Where, however, an officer performing such nonexecutive duties is able because of substantial stock ownership to dictate corporate policy, we realistically recognize an identity between the two and in such circumstances we consider that the employee is in effect the corporation's alter ego and therefore not entitled to benefits under the act. *Sormanti* v. *Marsor Jewelry Co.,* 83 R. I. 438; *Cohen* v. *Best Made Manufacturing Co.,* 92 R. I. 370.

Applying these principles to the facts of this case, we find that petitioner, who admittedly sustained an incapaci-

tating injury as well as the loss of two fingers while operating a press in the business of respondent, was its sole stockholder, president, treasurer, and in his own words its general manager. He employs and discharges, fixes salaries and work conditions, assigns jobs and decides what business should be accepted. In short, he operates the business. Those facets of his relationship to the corporation, notwithstanding that he was also its chief workman whose general duties were those customarily performed by a toolmaker, constituted a sufficient evidentiary basis for the commission's conclusion that petitioner was not an employee within the contemplation of the act. We are precluded from interfering with a finding so premised.

The petitioner, relying on *Davies* v. *Stillman White Foundry Co., supra,* argues, however, that the carrier's failure to make known whether or not he was included within the coverage of the compensation policy should estop respondent from denying the existence of an employer-employee relationship. If an estoppel in pais is to apply, then under our rule it was incumbent upon petitioner to establish either an affirmative representation of a material fact or a course of conduct amounting thereto upon which he reasonably relied to his disadvantage. Of course, mere silence could have been sufficient, but only in circumstances where there was a duty not to remain silent and where the conditions required that the insurer speak lest its silence might reasonably mislead petitioner to rely thereon to his damage. *Shea* v. *Gamco, Inc.,* 81 R. I. 12.

Testing this record by the *Gamco* standards, we discover that the insurer was newly on the risk and that its agent, who apparently knew that petitioner engaged in manual labor, developed the premium by using the payroll figures shown on earlier policies issued by other carriers rather than by an independent analysis of respondent's available payroll records. Whether petitioner's salary was included by the prior carriers in their payroll computations is not

certain. Moreover, the record lacks any direct testimony that respondent requested that petitioner be covered or that the insurer represented that it either would or would not consider petitioner as an employee for purposes of the compensation policy. In addition, such evidence as there is does not point to the single conclusion that the insurer's agent was duty bound to speak.

On such evidence and the inferences reasonably flowing therefrom the full commission concluded that the petitioner had failed to establish "any conduct on the part of the agent of the insurance carrier which would estop it from denying liability * * * ." That finding, although negative, is no different from an affirmative finding and in the absence of fraud is conclusive. *DeFusco* v. *Ochee Spring Water Co.*, 84 R. I. 446.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Charles J. Rogers, Jr.*, for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.*, for respondent.