Jean LALIBERTE d/b/a Laliberte
Home Improvements

v.

Edward F. SALUM.

Edward F. SALUM

v.

Jean LALIBERTE d/b/a Laliberte
Home Improvements.

Nos. 85–251–M.P., 85–262–M.P.

Supreme Court of Rhode Island.

Jan. 14, 1986.

Luc R. LaBrosse, Central Falls, for petitioner.

James L. O'Neill, Providence, for respondent.

## OPINION

SHEA, Justice.

These consolidated petitions for certiorari[1] request review of a Workers' Compensation Commission (commission) decree that awarded compensation to Edward F. Salum, an injured employee. The employer, Jean Laliberte d/b/a Laliberte Home Improvements (Laliberte), contends that the commission was without jurisdiction to hear the matter. The propriety of the commission's exercise of jurisdiction is the sole issue before the court. We affirm.

In his original petition for benefits Salum alleged that while in the course of his employment as a carpenter, he fractured his right wrist and knee when a staging pole broke, causing him to fall to the ground. He claimed total disability from the time of the injury to date.

Laliberte filed an answer and a motion to dismiss the petition, alleging that under G.L. 1956 (1979 Reenactment) § 28–29–5, the commission did not have jurisdiction over the controversy because he "employed regularly less than three employees or workers at the date of the alleged accident." Laliberte also asserted that Salum had "agreed to carry his own insurance [and had] assured employer that he was doing so [and that this] was a condition of employment."

At the commission hearings on the petition and on the motion to dismiss, the facts of the accident and the nature of Salum's injuries were not disputed. The sole issue presented was whether Laliberte was subject to the provisions of the Workers' Compensation Act. Evidence was presented regarding the employment status of Salum, Laliberte, and five other named individuals, some of whom testified at the hearing. (The five other individuals are Max Salvas, Harvey Salvas, Louis Salvas, Lennie Martel, and Dennis Hughes.) The trial commissioner, finding that Laliberte had employed six people within the meaning of the Workers' Compensation Act, exercised jurisdiction. A decree awarding compensation to Salum was entered.

On appeal the appellate commission found that the trial commissioner had properly exercised jurisdiction. In its decision, the commission stated:

"Based upon the testimony and all inferences to be drawn, it appears that Mr. Laliberte not only was the owner of Laliberte Home Improvement Company but was also an employee at times as he worked and assisted the co-workers at the job sites in question, notwithstanding the category [*sic*] in which we may place

1. These petitions for certiorari stem from a single set of facts. They were consolidated for hearing by order of this court on June 10, 1985.

Mr. Louis Salvas and Mr. Lennie Martel [*sic*]. There appears to be a requisite number of workers, at least four (4), thus making the respondent subject to the Workers' Compensation Act. There is an additional worker named Dennis who allegedly performed services but little else is known as to his activity.

"Notwithstanding, we are satisfied that the evidence indicates that there were at least four (4) workers active at the job locations referred to, those being the petitioner, Harvey Salvas, Max Salvas, Jean Laliberte, and Dennis Hughes, thus making the respondent subject to Workers' Compensation Act.

"Therefore, we find there is enough evidence to support the commissioner's findings that the respondent had four (4) or more people in his employ and that the petitioner was an employee of the respondent who had at the time of the injury four (4) or more employees working for him, thus creating jurisdiction to hear this matter in the Workers' Compensation Commission."

On appeal to this court Laliberte argues that the commission erred in exercising jurisdiction. He asserts that the commission erred as a matter of law in finding him to be both the employer and an employee and as such, one of the four employees required for jurisdiction under the act. He argues that Laliberte Home Improvements is not a corporation and therefore is not a separate entity by which he could be employed. He also challenges the commission's finding that Max Salvas and Dennis Hughes were employees, rather than independent contractors.

Salum, on the other hand, urges this court to affirm the appellate commission's findings, or in the alternative, he requests that if we find error in the commission's decision, this court review the status of two individuals not specifically mentioned in the commission's holding. Those individuals are Louis Salvas and Lennie Martel.

The relevant provisions of the Rhode Island Workers' Compensation Act (the act)

are §§ 28–29–5 and 28–29–6, which establish the requisite number of employees needed to come within the act. These sections were unaffected by the recent revision of the act and have remained unchanged since 1956. Sections 28–29–5 and 28–29–6 provide in pertinent part:

"28–29–5. *Employers exempt.*—The provisions of chapters 29 to 38, inclusive, of this title shall not apply to employers who employ three (3) or less workers or operatives regularly in the same business * * *.

"28–29–6. *Employers subject to law.* —The following shall constitute employers subject to the provisions of chapters 29 to 38, inclusive, of this title:

Every person, firm, and private corporation * * * that employs four (4) or more workers or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied * * * shall constitute an employer."

Section 28–29–2(b) defines, in pertinent part, employee as

"[A]ny person who has entered into the employment of or works under contract of service or apprenticeship with any employer * * *. It shall not include a person whose employment is of a casual nature, and who is employed otherwise than for the purpose of the employer's trade or business."

In *DiRaimo v. DiRaimo*, 117 R.I. 703, 370 A.2d 1284 (1977), we held that § 28–29–2(b) provides the definitive test for determining the status of an employee for the purposes of the act.

Whether individuals are employees for the purpose of determining when an employer is covered by the Workers' Compensation Act presents the court "squarely with a mixed question of fact and of law." *DiOrio v. R.L. Platter, Inc.*, 100 R.I. 117, 122, 211 A.2d 642, 645 (1965). As this court has said many times in workers' compensation cases, the court

"will only consider issues of law or issues that contain a mixture of facts and

law. Questions of fact are strictly within the exclusive domain of the commission.

"An issue of law is presented in those instances in which 'the facts, as found by the commission and supported by competent legal evidence, permit reasonable [persons] to draw only one conclusion.'" *Spikes v. State*, R.I., 458 A.2d 672, 673 (1983) (quoting *DeNardo v. Fairmount Foundries*, 121 R.I. 440, 449, 399 A.2d 1229, 1234 (1979)).

The factual and legal determination of whether an individual falls within the statutory definition of employee must be made in light of the criteria set forth in *DiOrio, supra.* The factors discussed in that case provide guidance in distinguishing employees from independent contractors. However, there can be no hard and fast rule in these cases because "no single phase of the evidence is determinative * * *. [T]he answer * * * depends in each case upon its particular facts taken as a whole." *DiOrio*, 100 R.I. at 121–22, 211 A.2d at 644 (quoting *Sormanti v. Marsor Jewelry Co.*, 83 R.I. 438, 441, 118 A.2d 339, 340–41 (1955)). Therefore, in reviewing the appellate commission's decision, we shall evaluate the status of each person who worked for Laliberte to determine whether he may be counted as an employee for purposes of meeting the number requirement of § 28–29–6.

By way of background, these individuals were engaged in several remodeling projects that are relevant to our review of this matter. According to Salum, he, Max Salvas, Harvey Salvas, Louis Salvas, Lennie Martel, Jean Laliberte, and Dennis Hughes all had worked remodeling Laliberte's home. They had replastered the walls, replaced the chimney, dropped the ceilings, put a dormer upstairs, and partitioned off the upstairs rooms. Another job at Tessier's Store in Pawtucket was conducted contemporaneously with the work at Laliberte's home. Salum testified that he, Max, Lennie, and Louis worked at Tessier's while Jean and Harvey worked at the house and later joined them at Tessier's at

night. Dennis also worked with them at night. The job at Tessier's involved, among other things, putting on a new roof and installing a truss.

At the time of petitioner's accident, Laliberte testified, he had two regular employees on his payroll—Harvey Salvas and Edward Salum—who were paid by check with FICA, state taxes and TDI withheld. Louis Salvas and Lennie Martel kept their own hours and, at their request, were paid in cash on an hourly basis at the end of each week. He said that Max Salvas was paid by check with no deductions "at the end of the week or whenever we met." Dennis Hughes was paid in the same manner, but at a lower rate. He worked fewer hours because he held another full-time job.

■ The parties agree, and the commission found, that Edward Salum and Harvey Salvas were regularly employed by Jean Laliberte under an express contract of hire. Clearly, they were employees within the meaning of the Workers' Compensation Act and thus may be counted for purposes of meeting the requirements of § 28–29–6. The status of Louis Salvas and Lennie Martel is also apparent from the record. The evidence established that both men took an occasional job for Laliberte and considered themselves to be independent contractors. They were paid in cash, split the money between them, arranged their own transportation and hours, and provided their own tools. We agree that they were independent contractors rather than employees. We now are faced only with determining the status of Max Salvas, Dennis Hughes, and Jean Laliberte.

■ The status of Max Salvas is a more difficult question. There was considerable testimony pertaining to the type of work that Max performed and the circumstances surrounding his employment. He testified that he was hired by Harvey Salvas, Laliberte's "leadman"; that he never discussed Blue Cross or Workers' Compensation with Laliberte when he did meet him; that he had gone back to school and worked on a few jobs for Laliberte during vacations;

that he had never had any money withheld from his pay; that he filed his income tax returns as a self-employed person; and, finally, that Laliberte had paid him by check. Max's hours while working at the Tessier job for Laliberte were from 8 a.m. to 4:30 p.m., and he testified that he was accompanied to Tessier's by Harvey Salvas, Salum, Laliberte, and Dennis Hughes, who were all working on the job.

The commission correctly concluded that Max Salvas was an employee. Although he was paid by check or cash and, like Louis Salvas and Lennie Martel, had no deductions withheld, it is clear from the record that Max was hired by either Laliberte or by Harvey, who sometimes interviewed employees for Laliberte. We note that Max had worked on several jobs for Laliberte and was paid separately from Louis and Lennie, who clearly worked as independent contractors. Unlike them, Max had worked set hours from 8 a.m. to 4:30 p.m. and traveled to the Tessier job with Laliberte, Harvey Salvas, Salum, and Dennis Hughes. For these reasons, we conclude that the commission's finding that Max Salvas was an employee at the time of the accident is supported by competent legal evidence.

■ We next turn to Dennis Hughes. The commission noted that Hughes performed certain services but that "little else was known about his activities." The evidence about Hughes, although not as complete as that concerning the other workers, established that he was not a carpenter and that he worked part time as a "gofer." He cleaned up, assisted the others in the installation of a ceiling, knocked down walls, and "helped prepare the walls" at Tessier's in preparation for the construction of the truss. The fact that Hughes worked part time, was paid less, and was not a carpenter does not, in this case, preclude his being an employee under the act, nor does it render his employment casual as defined by § 28–29–6. "The duration, predictability and regularity of recurrence are factors to be considered in determining whether employment is casual. It is also helpful to note whether the services rendered are necessary to the conduct and furtherance of the business." *DiRaimo v. DiRaimo*, 117 R.I. at 708, 370 A.2d at 1287. Dennis Hughes worked at the job sites cleaning up and assisting the carpenters in their tasks. His duties did further Laliberte's remodeling business. Although his hours were shorter than the other workers' hours, his employment was recurring and predictable. Therefore, we conclude that the commission properly found Dennis Hughes to be an employee.

■ Finally, we address the question of whether Jean Laliberte is an employee under the act. The commission said that because Laliberte "at times * * * worked and assisted co-workers at the job sites in question", he was "not only the owner of Laliberte Home Improvements Company but was also an employee." This conclusion is erroneous as a matter of law. The company was not a corporation and therefore was not a separate entity by which he could be employed. In *Cohen v. Best Made Manufacturing Co.*, 92 R.I. 370, 169 A.2d 10 (1961), this court refused to find the petitioner, who was the president and sole stockholder of a corporation, an employee within the meaning of the act. Although the court observed that the corporation was a separate entity, it found that there was no one who could exercise control over the petitioner. *See also Martines v. Terminal Methods, Inc.*, 101 R.I. 599, 225 A.2d 790 (1967). The case before us is even more compelling. Laliberte's business is a sole proprietorship. He is not separate and distinct from Laliberte Home Improvements Company. He is Laliberte Home Improvements Company. Consequently, he cannot be both the employer and an employee under the act.

■ Notwithstanding the appellate commission's error with regard to the status of Laliberte, we find that the commission properly exercised jurisdiction in this matter because Laliberte employed four workers within the meaning of the Workers'

Compensation Act at the time of this incident. Those employees were Edward Salum, Harvey Salvas, Max Salvas, and Dennis Hughes.

For these reasons, the petitions for certiorari are denied, the writs heretofore issued are quashed, and the papers of this case are remanded to the Workers' Compensation Commission with our decision endorsed thereon.

BEVILACQUA, C.J., did not participate.