**Christopher J. FREITAS**

v.

**Nancy L. MELLO, Town Treasurer of the Town of Tiverton et al.**

**No. 2002–251–Appeal.**

Supreme Court of Rhode Island.

May 12, 2003.

Peter J. Comerford, Providence, for Plaintiff.

filed within 120 days of the final judgment of conviction.

Kathleen M. Daniels, Smithtown, NY, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ., and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

The plaintiff, Christopher J. Freitas, appeals from a summary judgment entered in the Superior Court in favor of the defendants, the Town of Tiverton, Tiverton's Treasurer Nancy L. Mello, and two Tiverton police officers, Richard Medeiros and Timothy Panell (Panell). The plaintiff alleged that defendants negligently allowed him to fall to his face while he was being escorted into the Tiverton police station. We heard arguments from counsel for the parties on April 1, 2003, pursuant to an order to show cause why the issues raised in this appeal should not be summarily decided. Upon hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown, and that the case should be decided at this time. We sustain the plaintiff's appeal.

The plaintiff sued defendants in Superior Court, alleging they were negligent and breached their duty of care by not sufficiently safeguarding plaintiff after he was arrested for driving under the influence. Panell had stopped plaintiff's vehicle after observing plaintiff driving erratically. Upon conducting a sobriety test and concluding that plaintiff was intoxicated, Panell arrested plaintiff, handcuffed his wrists behind his back, and drove plaintiff to the Tiverton police station. The plaintiff fell in the Tiverton Police Department parking lot while being escorted into the police station. As a result, plaintiff suffered injuries, including a broken nose, lacerated face, injured teeth, and deviated septum. He subsequently initiated this action.

The defendants moved for summary judgment, and a Superior Court justice held a hearing on that motion on April 1, 2002. It was established that the only evidence concerning how plaintiff incurred his injury came from Panell. Panell had stated in a deposition that he was holding plaintiff's elbow when the plaintiff "just quickly stumbled away from me, stumbled forward, and he landed on his face * * *." The plaintiff, meanwhile, admitted that he had been too intoxicated to remember how the injury occurred. The motion justice granted summary judgment for defendants. The plaintiff appealed.

■■■ This Court reviews *de novo* a decision to grant summary judgment, applying the same criteria as the motion justice. *Heflin v. Koszela,* 774 A.2d 25, 29 (R.I.2001). We, like the motion justice, must view the evidence in the light most favorable to the nonmoving party and "must draw all reasonable, favorable inferences from that testimony * * *." *Barone v. Christmas Tree Shop,* 767 A.2d 66, 68 (R.I.2001). Upon so doing, we will affirm the grant of judgment as a matter of law "only if there are no issues of fact upon which reasonable minds may differ." *Id.*

The facts set forth in Panell's deposition are undisputed; plaintiff was unable to recall any of the circumstances surrounding the accident because of his state of intoxication at the time. Panell testified that as he escorted plaintiff out of the cruiser he "had him with [Panell's] left hand on [plaintiff's] arm," holding him "by the elbow where the arm bends." All the while, plaintiff was handcuffed behind his back. According to Panell, plaintiff "was

on his feet very briefly, and that's when he stumbled away from me."

We have long held that the drawing of inferences from undisputed facts is part of the fact-finding process. *Wickes v. Kofman*, 121 R.I. 698, 703, 402 A.2d 591, 593 (1979). In our opinion, it is possible to infer from Panell's testimony that the plaintiff's injuries were the proximate result of the defendants' negligence in failing to provide more support to the plaintiff under the circumstances. *See Splendorio v. Bilray Demolition Co.*, 682 A.2d 461, 466 (R.I.1996); *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.*, 474 A.2d 436, 440–41 (R.I.1984). Accordingly, summary judgment in this case was not appropriate because we cannot say as a matter of law that the defendants were not negligent in this instance.

In conclusion, we sustain the plaintiff's appeal. We vacate the judgment and remand the case to the Superior Court for trial on the merits.