Debra A. LePAGE, as Administratrix of the Estate of Allen LePage

v.

Adam C. BABCOCK et al.

No. 2003–132–Appeal.

Supreme Court of Rhode Island.

Jan. 14, 2004.

Brian Cuhna, Esq., Providence, for Plaintiff.

John A. McQueeney, Jr., Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The plaintiff, Debra A. LePage, as administratrix of the estate of Allen LePage, appeals from the entry of summary judgment in favor of the defendant, American Disposal of Missouri, d/b/a BFI (hereinafter "American Disposal"). This case came before the Court for oral argument on December 8, 2003, pursuant to an order directing all parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons stated below, we affirm the motion justice's granting of summary judgment.

The decedent, Allen LePage, was a truck driver employed by American Disposal, a company in the business of waste management. On May 19, 1999, the decedent was at the Pawtucket Municipal Incinerator, seated in his parked tractor,

when it was struck by a trailer being hauled by another tractor, operated by Adam Babcock. The decedent was severely injured and was pronounced dead at the scene. Babcock's employer, B & R Equipment Company (B & R), another waste management company, owned the tractor that he was operating, but American Disposal, coincidentally, owned the trailer he was hauling.[1]

The plaintiff received workers' compensation benefits as a result of her husband's death. On September 27, 1999, plaintiff filed a negligence action against Babcock and B & R.[2] After discovering that American Disposal had leased the trailer to D & N, she amended her complaint to include these two companies as defendants, asserting that they were vicariously liable for the death of her husband. On May 2, 2002, American Disposal filed a motion for summary judgment, arguing that the exclusive remedy provision of the Rhode Island Workers' Compensation Act, G.L.1956 § 28–29–20, precluded plaintiff's vicarious liability claim against it.[3] The plaintiff countered that, pursuant to G.L.1956 § 31–33–6, American Disposal was vicari-

ously liable for her husband's death under the "dual persona doctrine," a common-law exception to the exclusive remedy provision.

On October 29, 2002, American Disposal's motion for summary judgment was heard. Though the motion justice ultimately heard arguments pertaining to the dual persona doctrine, she immediately questioned whether a trailer is a "motor vehicle" under § 31–33–6, the vicarious liability statute. Under the belief that the answer to this latter issue might dispose of the case, the motion justice continued the matter to December 3, 2002, specifically so that the parties could further address that issue. At the December 3, 2002 hearing, the motion justice concluded that a trailer is not a motor vehicle within the meaning of § 31–33–6 and, therefore, there could be no liability under that statute. Accordingly, the motion justice granted summary judgment in favor of American Disposal without determining whether the dual persona doctrine was applicable as an exception to the exclusive remedy provision of the Workers' Compensation Act.

1. American Disposal had contracted with a business in need of trash disposal. It then subcontracted with D & N to haul trash in furtherance of this contract. American Disposal allowed D & N to haul trash in American Disposal trailers, though D & N provided its own tractors to pull those trailers. D & N then subcontracted with B & R to help in hauling trash pursuant to its contract with American Disposal. As part of the contract between D & N and B & R, B & R used an American Disposal trailer hauled by a B & R tractor. On the day of the accident, Babcock was operating this combination of a B & R tractor and an American Disposal trailer.

2. On February 20, 2002, plaintiff's claims against defendants Babcock and B & R were settled and the complaints dismissed with prejudice.

3. General Laws 1956 § 28–29–20 provides:

"The right to compensation for an injury under chapters 29—38 of this title, and the remedy for it granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees; and those rights and remedies do not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

This provision bars a plaintiff from filing a second cause of action "against an employer, or its directors, officers, agents, or employees" on the basis of a different legal theory for the same injuries on which his or her workers' compensation claim was based. *Manzi v. State,* 687 A.2d 461, 462 (R.I.1997) (mem.) (citing *Cianci v. Nationwide Ins. Co.,* 659 A.2d 662 (R.I.1995)).

On December 17, 2002, a judgment was entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. On December 11, 2002, plaintiff filed the instant appeal. On appeal, plaintiff argues that the motion justice erred in holding that a trailer is not a motor vehicle as that term is used in § 31–33–6. The plaintiff asserts that trailers should be included under § 31–33–6 when they are attached to motorized tractors being operated on public roads. Moreover, plaintiff submits that the Legislature has used the words "motor vehicle" and "vehicle" interchangeably throughout the motor vehicle code. It is plaintiff's contention that § 31–33–6 is ambiguous and that this Court, in addition to invoking the canons of statutory construction to ascertain legislative intent, should look to the insurance policy covering the trailer to aid in determining whether such a vehicle comes within the meaning of the vicarious liability statute.

American Disposal responds that the trailer cannot be considered a motor vehicle and, therefore, it cannot be found vicariously liable for Babcock's and B & R's actions. American Disposal asserts that the statutory definition of motor vehicle is not ambiguous and that this Court must neither engage in statutory construction to ascertain legislative intent with regard to the definition of a motor vehicle nor look to any of the definitions contained in American Disposal's insurance policy.

■■■ This Court reviews a summary judgment on a *de novo* basis, applying the same criteria as the hearing justice. *Freitas v. Mello,* 821 A.2d 697, 698 (R.I.2003) (per curiam) (citing *Heflin v. Koszela,* 774 A.2d 25, 29 (R.I.2001)). When a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, this Court will uphold the lower Court's grant of summary judgment. *Id.* (citing *Barone v. Christ-*

*mas Tree Shop,* 767 A.2d 66, 68 (R.I.2001)). This Court also reviews questions of law *de novo.* *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates,* 763 A.2d 1005, 1007 (R.I.2001).

■■■ The basis for American Disposal's motion for summary judgment is that the exclusive remedy provision of the Workers' Compensation Act bars plaintiff's vicarious liability claim as to it because plaintiff received workers' compensation benefits as a result of her husband's work-related death. The plaintiff does not dispute that she has received these benefits. The motion justice, however, ruled that the vicarious liability statute, under which plaintiff brought suit, is not applicable because the trailer that struck and killed the decedent is not a motor vehicle within the meaning of that statute. Therefore, this Court must first conduct a *de novo* review of this narrow question of law. We conclude that the trailer is not a motor vehicle within the meaning of the vicarious liability statute and that, therefore, the motion justice properly granted summary judgment.

General Laws 1956 (1994 Reenactment) § 31–33–6 of the Rhode Island General Laws provides:

"Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the driver thereof, if other than the owner, or lessee, or bailee, shall in the case of an accident be deemed to be the agent of the owner, or lessee, or bailee, of the motor vehicle unless the driver shall have furnished proof of financial responsibility in the amount set forth in chapter 32 of this title, prior to the accident; and for the purposes of this section the term 'owner' shall include any person, firm, copartnership, association, or corporation having the lawful

possession or control of a motor vehicle under a written sale agreement." [4]

This statute specifically uses the term "motor vehicle," not "vehicle." General Laws 1956 chapter 1 of title 31 provides separate and distinct definitions of these two terms. Furthermore, § 31-1-2 provides that the definitions in that chapter apply throughout the motor vehicle code. Therefore, for American Disposal to be held vicariously liable pursuant to § 31-33-6 for the acts of B & R and its driver, the trailer that fatally struck the decedent must be considered a motor vehicle rather than simply a vehicle.

Section 31-1-3(b), as amended by P.L. 1997, ch. 186, § 1, defines motor vehicle as "[e]very vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, except vehicles moved exclusively by human power and motorized wheelchairs." [5] Section 31-1-3(a), on the other hand, defines vehicle as "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks." Additionally, § 31-1-5(c) defines trailer as "every vehicle without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle, constructed so that none of its weight rests upon the towing vehicle." A trailer, therefore, is a vehicle, but not a motor vehicle.

■■■ Whether a trailer is a motor vehicle within the meaning of § 31-1-3(b) is a question of statutory interpretation. This Court reviews questions of statutory construction *de novo*, and the "ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Stebbins v. Wells*, 818 A.2d 711, 715 (R.I.2003) (per curiam) (quoting *Mottola v. Cirello*, 789 A.2d 421, 423 (R.I.2002)). In order to effectuate the intent of the Legislature, this Court examines the statute in its entirety and attributes to words their plain and ordinary meaning. *Kent County Mental Health Center, Inc. v. Cavanaugh*, 659 A.2d 120, 122 (R.I.1995) (citing *In re Falstaff Brewing Corp.*, 637 A.2d 1047, 1049 (R.I.1994)). When a "statute is unambiguous on its face and expresses a clear and sensible meaning, this [C]ourt must interpret the statute according to the plain and literal meaning contained therein." *Id.* (quoting *Penn-Dutch Kitchens, Inc. v. Grady*, 651 A.2d 731, 733 (R.I. 1994)).

An examination of the definition statutes reveals that they are clear and unambiguous. Giving the terms their plain and literal meaning, American Disposal's trailer is not a motor vehicle within the meaning of § 31-1-3(b); rather, the trailer is simply a vehicle. By definition, a trailer cannot be a motor vehicle because a trailer is a "vehicle without motive power." American Disposal's trailer was neither self-propelled nor propelled by electric power obtained from overhead trolley wires when it struck the tractor in which the decedent was seated. Clearly, § 31-1-5(c) distinguishes motor vehicles from trailers, the former being necessary to "draw" the latter. This trailer could not draw another vehicle; it could only be drawn. General Laws 1956 § 31-3-2, which specifies which vehicles are subject

---

4. The Legislature amended G.L.1956 § 31-33-6 subsequent to the date of the accident. Therefore, the prior statute controls. Nonetheless, the changes are not relevant to this appeal.

5. The motor vehicle code has been amended since the date of the accident by the rearrangement and redesignation of the definitional section. None of the changes is relevant to this appeal.

to registration, also points out the distinction that the Legislature has drawn between motor vehicles and trailers in that it separately identifies motor vehicles and trailers in its enumeration of vehicles that are subject to the registration provisions of title 31.

If the Legislature had intended that trailers be included within the meaning of § 31–33–6, then it would have used the term vehicle instead of motor vehicle. If the Legislature had intended that every vehicle be considered a motor vehicle, then it would not have separately defined motor vehicle and vehicle. Thus, we do not view the terms as being used interchangeably throughout the statutes. Furthermore, this Court has also distinguished a trailer from a motor vehicle when stating that a "trailer, when loaded with goods for transportation, is attached to a motor vehicle known as a tractor, by which it is hauled to its destination." *Beany v. Paul Arpin Van Lines Co.*, 98 R.I. 193, 194, 200 A.2d 592, 593 (1964); *cf. Pullman, Inc. v. Johnson*, 543 So.2d 231, 231 (Fla.Dist.Ct. App.1987) (holding that the trailer portion of a tractor-trailer is not a dangerous instrumentality for purposes of imposing vicarious liability). There is no indication, in either this Court's illustration of a trailer or in the statutes defining vehicles, that a trailer becomes a motor vehicle when it is attached to a motor vehicle. Because we do not view American Disposal's trailer as being a motor vehicle under the vicarious liability statute, American Disposal cannot be found vicariously liable under § 31–33–6 for any negligence attributed to any other defendant.

The plaintiff urges this Court to embrace a broad interpretation of the vicarious liability statute so that trailers are included. She points out that Rhode Island law requires that trailers be separately insured and registered and that they otherwise meet the statutory definition of vehicle. The plaintiff also refers this Court to a Massachusetts statute, Mass. Gen. Laws Ann. ch. 90, § 1 (West 2001), in which the Massachusetts Legislature included trailers within its definition of motor vehicles. That statute provides, in pertinent part, that motor vehicles are "all vehicles constructed and designed for propulsion by power other than muscular power *including such vehicles when pulled or towed by another motor vehicle* * * *." *Id.* (Emphasis added.) Though plaintiff's counsel admitted at oral argument that the definition of motor vehicle under the Rhode Island motor vehicle code does not contain this inclusive language, he nonetheless asserted that our Legislature must have intended that trailers be included because they would otherwise be immune from liability.

■ The Rhode Island statute defining motor vehicles, however, is significantly different from its Massachusetts counterpart and precludes an interpretation that would include trailers. Although the Massachusetts statute defines motor vehicles as including "such vehicles when pulled or towed," § 31–1–3(b) of the Rhode Island General Laws does not. If our Legislature had wanted trailers to be considered motor vehicles, it would have included, within its definition of motor vehicle, language similar to the Massachusetts statute. Rather, our Legislature limited the definition of motor vehicle to include only those vehicles constructed for self-propulsion or propulsion from trolley wires. Furthermore, contrary to the suggestion of plaintiff's counsel, excluding trailers from the definition of motor vehicle does not immunize the owners of trailers from liability. The owner of a malfunctioning trailer may be held directly liable for any injury resulting from the malfunction.

■ Finally, at the hearing below, the plaintiff sought to characterize the decedent's employer as a third party by invoking the dual persona doctrine. The motion justice determined that because there could be no vicarious liability, there was no need to rule on whether that doctrine was applicable. In her prebriefing statement to this Court, the plaintiff requested that we address whether the application of this doctrine would have allowed recovery in this case. The dual persona doctrine provides that "[a]n employer may become a third person, vulnerable to tort suit by an employee, if—and only if—it possesses a second persona so completely independent from and unrelated to its status as employer that by established standards the law recognizes that persona as a separate legal person." 6 Arthur Larson, *Workers' Compensation Law*, § 113.01[1] at 113–2 (2000). However, because the plaintiff's invocation of this doctrine is necessarily linked to and dependent upon the vicarious liability statute on which she bases her claim against American Disposal and because we have determined that there can be no such liability, there is no reason to reach this question at this time.

Consequently, and for the foregoing reasons, the appeal is denied. We affirm the judgment in favor of American Disposal and remand the papers to the Superior Court.