**Anthony MANZI et al.**

v.

**STATE of Rhode Island et al.**

No. 95–544–C.A.

Supreme Court of Rhode Island.

Jan. 13, 1997.

Robert J. Cosentino, Providence.

Rebecca Tedford Partington, James Lee, Providence.

**ORDER**

This matter came before a panel of the Supreme Court for oral argument on December 17, 1996, pursuant to an order that directed the plaintiffs to show cause why the issues raised by their appeal should not be summarily decided. The plaintiffs, Anthony Manzi, Paula Manzi, and their sons, Michael Manzi and Anthony Manzi, Jr., appealed from a judgment entered for the defendants, the State of Rhode Island, Department of Children, Youth and Families (DCYF) and James P. O'Donnell, after a Superior Court trial judge granted the defendants' motion to dismiss the plaintiffs' civil action.

After hearing the oral arguments and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and therefore the case will be decided at this time.

On March 24, 1995, plaintiffs filed a claim against defendants in Superior Court alleging negligent infliction of emotional distress, breach of a duty of confidentiality, invasion of privacy and breach of a contractual duty of good faith and dealings. The claim arose out of Anthony Manzi's employment as a juvenile program worker at the Rhode Island Training School for Boys. The plaintiffs contended that James O'Donnell, acting superintendent at the training school, told Craig Price, an inmate, that Manzi was cooperating with the Attorney General in an investigation of Price. Manzi alleged that defendants were negligent in disclosing the information and that, as a result, Price made threatening statements to him and phone calls to his home, thereby causing plaintiffs to suffer emotional and physical distress.

On July 18, 1995, the trial justice heard arguments on defendants' motion to dismiss, and granted the motion. On July 27, 1995, plaintiffs appealed.

The defendants contended that plaintiffs' claims were barred because Anthony Manzi had previously settled a workers' compensation claim for $4,000 pursuant to G.L.1956 (1986 Reenactment) § 28–33–25.1 for the same injuries set forth in his civil complaint. The defendants further contended that Manzi had released all claims under the Rhode

Island Workers' Compensation Act pursuant to an executed release and that Manzi's claims were barred under G.L.1956 (1986 Reenactment) § 28–29–20. Finally, defendants argued that Manzi's wife's and children's claims were derivative claims that would fail if Manzi's claims failed and that defendants owed no duty to the wife and children.

The plaintiffs argued that pursuant to § 28–29–20, a party is completely barred from filing a civil action only if he was successful in a workers' compensation claim and that because Manzi's workers' compensation claim was denied and dismissed, and because under § 28–33–25.1 settlements are deemed "compromise payments of a disputed claim" and not payment of workers' compensation benefits, Manzi could proceed with his civil action. The plaintiffs further contended that at the time Manzi executed the release, counsel for the state, Samuel DiSano, stated that acceptance of the $4,000 settlement "in no way barred" plaintiff from filing a civil action against the state and that therefore the state was estopped from invoking § 28–29–29.

Because plaintiffs submitted an affidavit of DiSano, a matter outside the pleadings, defendants' motion to dismiss was treated as a motion for summary judgment under Super.R.Civ.P. 56(b). It is well settled that when a trial justice rules on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of material fact that must be resolved. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991). In the event the trial court's review reveals no issues of material fact and the moving party is entitled to judgment as a matter of law, this Court will uphold the trial justice's order granting summary judgment. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987).

In affirming the trial justice's decision, we note that the clear and unambiguous language of § 28–33–25.1 mandates that "the employer and insurer shall be entitled to a duly executed release which fully and finally absolves and discharges the employer and insurer from any and all liability arising out of the claimed injury." We hold, therefore, that Manzi discharged defendants from any

liability when he signed the release pursuant to § 28–33–25.1.

Moreover, the exclusivity clause of the Workers' Compensation Act bars plaintiffs from bringing this action. Section 28–29–20 provides that the right to compensation for an injury under title 28 chapters 29–38, and the remedy received pursuant to those chapters, "shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer." Our holding in *Cianci v. Nationwide Ins. Co.*, 659 A.2d 662 (1995) established that the exclusivity clause of the Workers' Compensation Act bars a plaintiff from filing a second cause of action on the basis of a different legal theory in circumstances in which a plaintiff seeks recovery for the same injuries on which his or her workers' compensation claim was based.

Because Manzi's claim has failed, the derivative claims of Manzi's wife and children must also fail.

Consequently, the plaintiffs' appeal is denied and dismissed, and the papers may be returned to the Superior Court.

FLANDERS, J., did not participate.