**Alexander M. DEUS, as Court-Appointed Guardian on Behalf of his Mother and Ward, Emerenciana DEUS**

v.

**S.S. PETER AND PAUL CHURCH, Phoenixville, Rhode Island.**

No. 2002–185–Appeal.

Supreme Court of Rhode Island.

April 29, 2003.

John R. Mahoney, Providence, for Plaintiff.

Stephen A. Izzi, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Alexander M. Deus (plaintiff), appeals from a Superior Court order denying his motion for summary judgment

in this personal injury action filed on behalf of his incapacitated mother and ward, Emerenciana Deus (Mrs. Deus). He also appeals a Superior Court order granting the defendant's, S.S. Peter and Paul Church (defendant), motion for summary judgment. This case came before the Supreme Court for oral argument on March 3, 2003, following an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the judgment of the Superior Court. The pertinent facts are as follows.

The defendant hired Mrs. Deus in 1993 to perform light cleaning duties at the church. On August 8, 1997, Mrs. Deus fell down a set of stairs during the course of her employment and suffered severe injuries. She currently is in a comatose state as a result of the fall. The plaintiff applied for and received workers' compensation benefits on behalf of Mrs. Deus. Subsequently, plaintiff filed a negligence action against defendant for failing to maintain the stairway in the church. After plaintiff filed a motion for summary

judgment, defendant filed a cross-motion for summary judgment, arguing that it is immune from suit under the exclusivity provision of the Workers' Compensation Act (the act), G.L.1956 § 28–29–20.[1] This provides that once an employee receives workers' compensation benefits, he or she cannot maintain a tort action against the employer because the compensation under the act is the exclusive remedy. The plaintiff disagreed, arguing that his mother was not an employee of defendant, but instead, for purposes of the exclusivity provision, she was an employee of the Diocesan Service Corporation (DSC).

DSC is a corporation formed to provide both administrative and accounting services to entities such as defendant. The defendant paid premiums to DSC. Consequently, DSC paid Mrs. Deus's benefits on defendant's behalf. DSC applied for and obtained a self-insurance certificate for workers' compensation benefits, which it typically secures for defendant and other similar entities. In its application, DSC listed Mrs. Deus as an employee of DSC.[2]

DSC's controller explained by affidavit that DSC had no actual employees and paid no employment-related taxes but instead solely handled employee benefits programs such as workers' compensation. Similarly, the director of the workers' com-

---

**1.** General Laws 1956 § 28–29–20 provides:
"The right to compensation for an injury under chapters 29—38 of this title, and the remedy for it granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees; and those rights and remedies do not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

**2.** Under the Workers' Compensation Act (the act), an employer may elect to self-insure for

workers' compensation benefits by following the requirements set forth in G.L.1956 § 28–36–1. An employer may individually self-insure or may be a member of an authorized group self-insurance fund. *See* § 28–36–1(a)(4); G.L.1956 § 28–47–2. Under the group self-insurance option, the group assumes the liability of all the employers in the group and pays the workers' compensation claims; however, the actual employer remains "jointly and severally liable for all of the obligations of the group self-insurer incurred during the period of membership." Section 28–47–2.

pensation unit of the Rhode Island Department of Labor and Training (DLT) stated in his affidavit that DSC merely served as "the self-insurance program administrator" to the various entities covered under the program and that the DLT approved of such an arrangement. He indicated that the DLT recognized those entities as self-insured for workers' compensation purposes and pointed out that defendant was one of the entities covered under the program.

The motion justice denied plaintiff's motion for summary judgment and granted defendant's cross-motion, finding that the "mere technicality" of having DSC listed on the self-insurance application and certificate instead of defendant is not enough to make DSC, and not defendant, the employer. This technicality is also insufficient to defeat defendant's immunity under § 28–29–20. The plaintiff timely appealed.

■ We review a motion justice's decision on a motion for summary judgment de novo. See Tavares v. Barbour, 790 A.2d 1110, 1112 (R.I.2002). Only when the evidence, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, will we uphold the motion justice's order granting summary judgment. See Sobanski v. Donahue, 792 A.2d 57, 59 (R.I.2002).

■ We are convinced that defendant's election to delegate its responsibilities under the act to a group insurer has no impact on the true employer-employee relationship between Mrs. Deus and itself. Nor does this relationship prevent the applicability of the exclusivity provision. The defendant employed Mrs. Deus; even

plaintiff admitted that defendant was Mrs. Deus's "common law" employer. The plaintiff's contention that the self-insurance application and certificate transforms DSC into Mrs. Deus's employer for workers' compensation purposes is without merit.

■ "[T]he determinative factor in the existence of an employer-employee relationship is the employer's right 'to exercise control and superintendence over his employees.'" Sorenson v. Colibri Corp., 650 A.2d 125, 129 (R.I.1994) (quoting Martines v. Terminal Methods, Inc., 101 R.I. 599, 600, 225 A.2d 790, 791 (1967)). At all times during Mrs. Deus's employment, defendant set her hours, supervised her, paid her and had the authority to terminate her employment at will. The defendant was Mrs. Deus's employer because it exercised "control and superintendence" over her. Furthermore, the government listed defendant as Mrs. Deus's employer on her W–2 forms. The DLT knew that DSC acted as an administrator of benefits for defendant and Mrs. Deus received the proper workers' compensation benefits. The fact that DSC listed itself as Mrs. Deus's employer on the self-insurance application does not change defendant's status as her employer.

The plaintiff, however, argues that G.L. 1956 § 28–36–10 exposes defendant to liability because it failed to comply strictly with the self-insurance requirements under § 28–36–1.[3] Section 28–36–10 provides in pertinent part:

"Any employer subject to chapters 29—38 of this title who fails to comply with this chapter, * * * is liable for compensation to any injured employee or his or her dependents according to chapters 29—38 of this title, or for damages in

---

**3.** The plaintiff appears to be suggesting that because DSC and defendant did not file under § 28–47–2 for group self-insurance, it failed

to comply with chapter 36 of title 28 of the act.

the same manner as if the employer had not elected to become subject to, or was not subject to, those chapters, at the option of the employee or his or her dependents * * *."

The motion justice declared that this statute applied only to situations in which employers failed to make workers' compensation benefits available to its employees. We agree. To apply § 28–36–10 in the manner plaintiff suggests would contravene the clear purpose of the statutory scheme—to provide an expeditious and exclusive remedy to those injured during the course of their employment. *See Sorenson,* 650 A.2d at 128–29.

Section 28–29–20 of the act notifies applicants that an election to receive workers' compensation benefits excludes any other type of remedy for that work-related injury. Mrs. Deus received her workers' compensation benefits. She, through plaintiff, and like the employee in *Sorenson,* does not have the right to "double dip." The fact that DSC was listed as the self-insurer instead of defendant does not defeat the exclusivity provision.

Finally, the defendant's DLT-approved arrangement did not harm Mrs. Deus. At oral argument, counsel for the plaintiff conceded that Mrs. Deus received the full amount of workers' compensation benefits to which she was entitled and she would not have received any additional compensation if the defendants filed for group insurance or if they self-insured without DSC as an administrator. Therefore, we refuse to conclude that such an argument as the one presented should expose the defendant to such liability because it would contravene the purpose of the statute.

Accordingly, we deny and dismiss the plaintiff's appeal and affirm the order of the Superior Court. The papers of the case may be returned to the Superior Court.