**Mary GASPAR, et al.**

v.

**Maria F. CORDEIRO.**

No. 2003–62–Appeal.

Supreme Court of Rhode Island.

March 19, 2004.

James Currier, Esq., for Plaintiff.

Mark A. Sjoberg, Esq., Warwick, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, GOLDBERG, FLAHERTY, SUTTELL, JJ.

### OPINION

PER CURIAM.

The defendant, Maria F. Cordeiro (defendant), appeals from a judgment in favor of the plaintiffs, Mary Gaspar and Agnes Caromile, acting on behalf of their sister, Alice Cordeiro (collectively plaintiffs). This case came before the Supreme Court for oral argument on February 3, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

In 1997, Joseph Cordeiro's (Joseph) wife, Alice Cordeiro (Alice), entered a nursing home. Shortly thereafter, Joseph and Alice divided their assets into separate bank accounts. In 1999, Joseph and defendant, his sister-in-law,[1] opened two joint bank accounts. The plaintiffs say that defendant did not contribute any money to either account, and defendant does not dispute this assertion. Neither the signature cards nor the customer agreements signed by Joseph and defendant when opening the two joint accounts provided any right of survivorship for defendant. At least two years after the accounts were opened, the bank issued a so-called Personal Deposit Account Agreement (agreement), but neither Joseph nor defendant signed this document. The unsigned agreement, however, contained survivorship language stating: "On the death of any joint owner, the funds in the Account will pass to the surviving joint owner."

After Joseph's death in July 2002, plaintiffs sought a restraining order preventing defendant from disposing of the money in the two joint accounts. According to plaintiffs, defendant's name was added to the joint accounts only for convenience, so that defendant could help Joseph pay his bills. The defendant countered that she had rights of survivorship in the accounts and now owned the money. After the restraining order was granted, the parties filed cross-motions for summary judgment. The pertinent evidence before the motion justice consisted of the 1999 signature cards and customer agreements, as well as the later agreement. Any earlier versions of this agreement were not before the motion justice.[2] The motion justice concluded that the accounts did not carry a

right of survivorship for defendant and granted summary judgment in favor of plaintiffs.

It is well established that "[w]e review a motion justice's decision on a motion for summary judgment *de novo*." *Deus v. S.S. Peter & Paul Church*, 820 A.2d 974, 976 (R.I.2003) (per curiam). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *JH v. RB*, 796 A.2d 447, 449 (R.I.2002) (quoting *Sobanski v. Donahue*, 792 A.2d 57, 59 (R.I.2002)).

■ On appeal, defendant contends that the right of survivorship language in the agreement is sufficient to create a right of survivorship for her. The plaintiffs respond that a right of survivorship does not exist for joint accounts unless such a right is clearly expressed on the signature cards or bank statements used in opening the accounts.

■ In *Robinson v. Delfino*, 710 A.2d 154 (R.I.1998), this Court noted that

"when a depositor opens a joint and survivorship account and executes signature cards which recite that the account

1. The defendant is the wife of Joseph's late brother, Fred.

2. At oral argument before this Court, defendant said he found another unsigned Personal

Deposit Account Agreement issued by the bank in 1998. This evidence was not before the motion justice.

is to be paid to either during the depositors' joint lives and to the survivor upon the death of either, a rebuttable presumption of an intent to make a gift of a joint interest should arise." *Id.* at 160 (quoting Donald Kepner, *The Joint and Survivorship Bank Account—A Concept without a Name,* 41 Cal. L.Rev. 596, 621 (1953)); *see also Mitchell v. Mitchell,* 756 A.2d 179, 182–83 (R.I.2000).

Conversely, "if a joint bank account does not provide for survivorship rights, that absence will be conclusive evidence of an intent not to transfer any right of ownership to the survivor \* \* \*." *Robinson,* 710 A.2d at 161.

Here, when Joseph and the defendant opened the two joint bank accounts at issue, neither the signature cards nor any signed customer agreement provided the right of survivorship for the defendant. The survivorship language contained in the agreement does not create such a right because the agreement never was signed by either party. We hold, therefore, that because the signature cards or customer agreements Joseph and the defendant signed when opening the accounts lack any right of survivorship language, the defendant does not have a survivorship interest in the accounts.

### Conclusion

For the reasons indicated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.