**Deborah CARROLL et al.**

**v.**

**Barry YEAW, Treasurer of the Town of Coventry et al.[1]**

No. 2002–486–Appeal.

Supreme Court of Rhode Island.

June 9, 2004.

---

1. Mr. Yeaw's name is also spelled "Yew" in several documents included in the lower court record. "Yeaw" is, however, the spelling used most frequently throughout the record, and is the spelling this Court will use.

Michael T. Eskey, for Plaintiffs.

James S. D'Ambra, Providence, for Defendants.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

## OPINION

PER CURIAM.

The plaintiffs, Deborah Carroll (Ms. Carroll) and John Carroll (collectively plaintiffs), appeal from a Superior Court judgment granting Kevin Hanna's (defendant) motion for summary judgment. This case came before the Supreme Court for oral argument on April 6, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. For the reasons stated herein, we affirm the judgment of the Superior Court.

### I

### Facts and Travel

This controversy stems from Ms. Carroll's 1996 fall on a town-owned stairway that Kevin Paul (Paul) rebuilt three years earlier. The defendant's involvement in the stairway and this case relates to the process Paul followed in the stairway rebuilding project. In 1993, Paul[2] approached the assistant building official (building official) for the Town of Coventry (town) about repairing the stairway, which was on a town-owned right-of-way providing access to a body of water known as Johnson's Pond. The building official required Paul to obtain a building permit for the project. Paul, however, was unable to acquire a building permit because he was

---

**2.** According to defendant, Paul approached the town building official as the head of a neighborhood group interested in repairing the stairway. Given that Paul initiated the rebuilding of the stairway and applied for the building permit, however, we shall refer only to Paul.

not a registered contractor. Paul then enlisted defendant, a registered contractor and a personal friend of Paul's, to assist him with the process of applying for the permit. The defendant allowed Paul to use his name, address and builder's registration number on the permit application. The town manager then signed the application on behalf of the town, the owner of the stairway, and the building permit was issued to the town. The defendant's involvement with the stairway rebuilding project ended at that point because he did not supervise or participate in the reconstruction of the stairway.

In 1993, after Paul had rebuilt the stairway, the building official inspected it and found that it appeared to be in compliance with the Rhode Island State Building Code (code). In June 1996, Ms. Carroll allegedly suffered bodily injuries when she fell on the stairway. Ms. Carroll says she was unable to use the banister to brace herself because it was too short. The plaintiffs subsequently filed the instant action in the Superior Court against Barry Yeaw, in his capacity as town treasurer, Paul and defendant. On February 26, 2001, the hearing justice granted summary judgment in favor of defendant on grounds that defendant exercised no control over the stairway project.[3]

■ It is well settled that "[w]e review a motion justice's decision on a motion for summary judgment *de novo.*" *Deus v. S.S. Peter Paul Church,* 820 A.2d 974, 976 (R.I.2003) (per curiam). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a dis-

puted material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Gaspar v. Cordeiro,* 843 A.2d 479, 480 (R.I. 2004) (per curiam) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996)). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *Id.* (quoting *JH v. RB,* 796 A.2d 447, 449 (R.I.2002)).

■ As a preliminary matter, we note that plaintiffs' supplemental statement to this Court included a section entitled "Statement of Additional Facts." This statement contained "facts" derived from depositions taken on May 8 and June 1, 2001, months after the hearing justice ruled on defendant's motion for summary judgment. Because "this Court will only review evidence that was before the motion justice," we will not consider those depositions on appeal. *Konar v. PFL Life Insurance Co.,* 840 A.2d 1115, 1120 (R.I. 2004); *see also Rosa v. Oliveira,* 115 R.I. 277, 287, 342 A.2d 601, 606 (1975) (stating that "[t]he record for review in this court must be made in the trial court").

■ Turning to the merits of the case, plaintiffs argue that the hearing justice erroneously concluded that defendant owed no duty of care to lawful users of the stairway, such as Ms. Carroll, to ensure that it was properly constructed. The

---

**3.** The town and Kevin Paul also were codefendants in this case. The defendant, Hanna, is the only remaining defendant. The claims against Kevin Paul were dismissed by stipulation. Summary judgment was entered in favor of the town after a finding that notice of Ms. Carroll's claim did not comply with G.L.

1956 § 45–15–9. In their brief, plaintiffs said that, although they filed an appeal from that judgment, they intend to withdraw it and to proceed in this Court only on their appeal from the summary judgment entered in favor of defendant.

plaintiffs further argue that the question of whether defendant breached his duty of reasonable care is a triable issue of fact, and consequently precludes summary judgment. The defendant counters that because a building permit was not required for the stairway project and because he did not sign the building permit application or participate in the construction of the stairway, he owed no duty of care toward Ms. Carroll. We agree, and consequently we will not reach the issue of breach.

 "It is well settled that '[a] defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff.'" *Santucci v. Citizens Bank of Rhode Island,* 799 A.2d 254, 256 (R.I. 2002) (quoting *Ferreira v. Strack,* 636 A.2d 682, 685 (R.I.1994)). "The existence of a legal duty is purely a question of law, and the court alone is required to make this determination." *Volpe v. Gallagher,* 821 A.2d 699, 705 (R.I.2003) (quoting *Kuzniar v. Keach,* 709 A.2d 1050, 1055 (R.I.1998)). "If no such duty exists, then the trier of fact has nothing to consider and a motion for summary judgment must be granted." *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1225 (R.I.1987).

 This Court has noted although "[n]o clear-cut rule exists to determine whether a duty is in fact present in a particular case," several factors may be used in making that determination. *Banks,* 522 A.2d at 1225.

> "In considering whether a duty exists, among the factors considered are (1) the foreseeability of harm to the plaintiff, (2) the degree of certainty that the plaintiff suffered an injury, (3) the closeness of [the] connection between the defendant's conduct and the injury suffered, (4) the policy of preventing future harm, and (5) the extent of the burden to the defendant and the consequences to the community for imposing a duty to exercise care with resulting liability for breach." *Id.*

Elaborating on the factors set forth in *Banks,* this Court has commented that "[t]he linchpin in determining the existence of any duty owed * * * [is] the foreseeability of the risk of injury * * *." *Splendorio v. Bilray Demolition Co.,* 682 A.2d 461, 466 (R.I.1996).

Several factors disrupt the closeness of the connection between defendant's conduct in allowing his name, address and registration number to be listed on the permit application and Ms. Carroll's injury. The building official stated in his deposition testimony that a permit was not needed for the stairway project and that he mistakenly required the permit "basically because [he] was very new and green" at conducting the duties of the town assistant building official. Presumably, the building official ultimately would have authorized Paul to rebuild the stairway without a permit and, therefore, without defendant's assistance. It is also undisputed that Paul rebuilt the stairway, and so is the source of any alleged design defects in the banister. Moreover, the building official failed to notice any possible defects in the stairway when he declared that the completed project appeared to be in compliance with the code; as a result, an opportunity to fix any shortcomings in the stairway's safety was missed. These factors create a series of breaks between defendant's assistance with the building permit and Ms. Carroll's injury, thus interrupting any causal connection between the two events.

We do acknowledge that there are countervailing considerations that weigh in favor of imposing a duty of care on contractors who lend their name to a building permit application but have no intention of participating in the approved project. Be-

cause defendant enabled Paul, who defendant knew was not a registered contractor, to obtain a building permit on the town's behalf, it arguably is foreseeable that Paul might construct the stairway improperly, thus causing injury to a third-party user of the stairway. Moreover, as a matter of public policy, imposing a duty on defendant would serve to prevent future harm by discouraging contractors from improperly using their registered status to facilitate the issuance of building permits, and then failing to supervise or even participate in the work done under the permit.

However, the tenuous connection between the defendant's actions and Ms. Carroll's injuries outweighs any foreseeability of Ms. Carroll's injury as well as any public policy arguments. In light of *these* facts and circumstances, we hold that the defendant owed no duty of care to third-party users of the stairway such as Ms. Carroll. The defendant committed an abuse when he used his status as a registered contractor, a status that is a privilege granted to him by this state, to enable Paul to improperly apply for a building permit on the town's behalf. However reprehensible the defendant's conduct, it did not create a duty of care between the defendant and Ms. Carroll in these circumstances.[4]

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

---

4. We note that, as owner of the stairway, the town may have owed Ms. Carroll a duty of care. *See Kurczy v. St. Joseph Veterans Association, Inc.*, 820 A.2d 929, 935 (R.I.2003). The town, however, no longer is a party to this case.