**Sean LaFRENIERE et al.**

v.

**Michael P. DUTTON et al.**

**No. 2011–244–Appeal.**

Supreme Court of Rhode Island.

June 7, 2012.

Christopher Rawson, Esq., Providence, for Plaintiff.

Kathleen Wyllie, Esq., West Warwick, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on May 9, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, Sean LaFreniere (plaintiff or LaFreniere), appeals from a grant of summary judgment in favor of the defendant, Michael P. Dutton (defendant or Dutton), based on the exclusivity provision of the Workers' Compensation Act, G.L.1956 § 28–29–20. Having carefully reviewed the memoranda submitted by the parties and the arguments of counsel, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. We affirm the judgment of the Superior Court.

On August 3, 2007, plaintiff was traveling as a passenger in a pickup truck owned and operated by defendant. The vehicle, a Ford F350 pickup truck, was registered to Dutton and was insured through a personal automobile policy defendant purchased from Metropolitan Property and Casualty Insurance Company (Metropolitan). The defendant used the truck for his landscaping business, M.P. Dutton Landscaping, and the business logo and phone number were painted on the side of the truck. The two had traveled to Columbus, Ohio, to a car show to see a vintage vehicle in which defendant was personally interested. While traveling back to Rhode Island, with the intention of making a work-related stop in Somerset, Pennsylvania, defendant rear-ended another vehicle on Interstate 70 in Richland, Ohio. As a result of the collision, plaintiff sustained injuries.

On June 19, 2009, plaintiff filed a complaint in Superior Court[1] against defen-

---

1. We note that plaintiff's complaint originally was filed on behalf of Sean LaFreniere and his three minor children. The complaint also alleged that plaintiff's three minor children suffered the loss of consortium. The record, however, reveals that only one filing fee was

dant and Metropolitan, alleging that defendant's negligent operation of his vehicle caused a violent collision with another vehicle, resulting in plaintiff's injuries. In addition to a claim of personal injury, the complaint also sought damages for pain and suffering, as well as lost wages and medical expenses.

The defendant filed an answer, denying negligence on his part, and he subsequently filed a motion for summary judgment. In seeking summary judgment, defendant asserted that plaintiff was precluded from pursuing a negligence claim because, after the collision, plaintiff received approximately $41,000 in workers' compensation benefits from defendant's workers' compensation insurer, Beacon Mutual Insurance Company (Beacon) [2] for injuries arising out of the August 2007 accident. Because plaintiff received workers' compensation benefits, defendant contended that he was precluded from seeking additional recovery in tort because under § 28–29–20,[3] if a party receives workers' compensation benefits, as did plaintiff, those benefits shall be the exclusive remedy available to the injured employee. The defendant also asserted that at the time of the accident, plaintiff was an employee of defendant's landscaping business, traveled with defendant as an employee, and had been paid wages for the day by M.P. Button Landscaping. The defendant also contended that M.P. Button Landscaping is a sole proprietorship, owned by defendant, and that at the time of the collision, defendant was plaintiff's employer.

In his memorandum of opposition to summary judgment, plaintiff argued that defendant's vehicle was insured through a personal automobile policy, that the parties had gone to Ohio to look at a car in which defendant personally was interested, and that the only reason plaintiff received workers' compensation benefits was because after they had looked at the vintage vehicle, the parties took a road trip to Pennsylvania for a work-related stop in order to inspect a dump-truck attachment for the landscaping business. The plaintiff further averred that defendant was not an employer, director, officer, agent, or employee of M.P. Button Landscaping as set forth in § 28–29–20, that the trip was for personal reasons, and that therefore, defendant was unable to take advantage of the exclusivity provision provided by the Workers' Compensation Act.

A hearing on defendant's motion for summary judgment took place on April 18, 2011. The defendant argued that whether the two were in Ohio for personal reasons at the time of the collision was irrelevant because plaintiff had applied for and received workers' compensation benefits. The defendant argued that M.P. Button Landscaping was a sole proprietorship owned by defendant and that he therefore was an "employer of the plaintiff and the

---

paid on appeal; thus, Sean LaFreniere is the only appellant properly before this Court.

2. The defendant maintained workers' compensation insurance through Beacon Mutual Insurance Company for the benefit of his employees.

3. General Laws 1956 § 28–29–20, entitled "Rights in lieu of other rights and remedies," states in pertinent part:
   "The right to compensation for an injury under chapters 29—38 of this title, and the

remedy for an injury granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

plaintiff cannot now sue him in court for benefits he received through workers['] compensation."

At the hearing, the trial justice considered memoranda submitted by the parties, the pleadings before the court, and the additional arguments made by counsel. He granted summary judgment in favor of defendant, reasoning that because plaintiff had collected workers' compensation benefits for injuries sustained while traveling with defendant on work-related business, the exclusivity provision precluded double recovery. The trial justice stated that the statute allows an employee to collect workers' compensation benefits in lieu of all other rights and remedies at common law and that defendant, as a sole proprietor, was the employer; therefore, he concluded, the "statute prevents recovery." The trial justice also commented that "plaintiff can no longer receive benefits at common law as the legislature has preempted that recovery by passage of this statute * * *." The plaintiff appealed.

On appeal, plaintiff argues that the trial justice erred in granting summary judgment in favor of defendant because he and defendant were traveling for "personal reasons" and, further, that Dutton did not meet the requirements set forth in § 28–29–20 as he was not an employer, director, officer, agent, or employee of M.P. Dutton Landscaping, thereby precluding him from the protections of the exclusivity provision.

■ "It is well established that this Court reviews a trial justice's grant of summary judgment *de novo.*" *Beacon Mutual Insurance Co. v. Spino Brothers, Inc.,* 11 A.3d 645, 648 (R.I.2011) (citing *Sansone v. Morton Machine Works, Inc.,* 957 A.2d 386, 393 (R.I.2008)). "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion

justice finds that the moving party is entitled to prevail as a matter of law." *Id.* (quoting *National Refrigeration, Inc. v. Travelers Indemnity Co. of America,* 947 A.2d 906, 909 (R.I.2008)). "We view the evidence in the light most favorable to the nonmoving party, and 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." *Moore v. Rhode Island Board of Governors for Higher Education,* 18 A.3d 541, 544 (R.I.2011) (quoting *Berman v. Sitrin,* 991 A.2d 1038, 1043 (R.I.2010)).

■ Section 28–29–2(5) of the Workers' Compensation Act defines "[e]mployer" as "any person, partnership, corporation, or voluntary association * * *." We are satisfied that defendant was plaintiff's employer—defendant was the sole proprietor of M.P. Dutton Landscaping and paid plaintiff wages to accompany him on the trip to Ohio. In *Laliberte v. Salum,* 503 A.2d 510, 514 (R.I.1986), we concluded that the owner of a sole proprietorship was "not separate and distinct from [his c]ompany. He is [the company]." Similarly, as the sole proprietor of M.P. Dutton Landscaping, defendant was plaintiff's employer and, as such, defendant was entitled to the protection provided by § 28–29–20.

■ Our decision in *Manzi v. State,* 687 A.2d 461, 462 (R.I.1997) (mem.), is instructive. In *Manzi,* we concluded that the exclusivity provision of the Workers' Compensation Act "bars a plaintiff from filing a second cause of action on the basis of a different legal theory in circumstances in which a plaintiff seeks recovery for the same injuries on which his or her workers' compensation claim was based." *Id.; see also Kulawas v. Rhode Island Hospital,* 994 A.2d 649, 655 (R.I.2010). And as we noted in *Sorenson v. Colibri Corp.,* 650 A.2d 125, 129 (R.I.1994), an "important objective of the act was to cur-

tail litigation by injured employees who elected to take advantage of its expedited procedure for obtaining compensation for work-related injuries. The statute contemplated a compromise whereby an employee who received compensation under the act relinquished the right to sue his or her employer in tort."[4] *See also DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40, 42 (R.I.1992) (noting that the Workers' Compensation Act ensures certain, but limited, compensation in exchange for giving up the right to pursue an action at law that may be unsuccessful, and further noting that the compensation is meant to be full compensation for any alleged loss or harm). We are of the opinion that the plaintiff relinquished his right to sue Dutton in tort after accepting the $41,000 in workers' compensation benefits from Beacon. The exclusivity provision, § 28–29–20, prevents the plaintiff from now seeking to obtain a double recovery by suing the defendant in tort.[5]

### Conclusion

Accordingly, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

---

4. We note that fault is not at issue in the workers' compensation context. *See DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40, 42 (R.I.1992) (noting that to obtain workers' compensation benefits an injured employee need not show that his or her injury was due to the fault of another).

5. Section 28–29–17 of the Workers' Compensation Act is also noteworthy, stating in pertinent part:
    "Employees or corporate officers of an employer, or managers, managing members or members of a limited liability company subject to or who have elected to become subject to the provisions of chapters 29–38 of this title as provided in § 28–29–8 shall be held to have waived his or her right of action at common law to recover damages for personal injuries if he or she has not given his or her employer at the time of the contract of hire or appointment notice in writing that he or she claims that right and within ten (10) days after that has filed a copy of the notice with the director * * *."
    There is no suggestion in this record that plaintiff elected to claim his common law right to recover damages for personal injuries. Accordingly, plaintiff has waived that right.