November 5, 2020

**Supreme Court**

No. 2017-421-Appeal.
(PC 13-5839)

Joshuah Selby et al.            :

v.            :

Michael Baird et al.            :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joshuah Selby et al.              :

              v.                  :

Michael Baird et al.             :

Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The plaintiffs, Joshuah Selby and his wife, Jessica Selby, appeal from a Superior Court entry of summary judgment against them and in favor of the defendants, Michael P. Baird, Mike's Professional Tree Services, Inc. (MPTS), and John Rossi, with respect to Mr. Selby's personal injury claims.[1]  Those claims arise from a serious injury that plaintiff suffered while he was engaged as a foreman for a tree removal crew.  This appeal came before the Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.  After hearing the

---

[1] Jessica Selby's claims against the defendants are purely derivative in nature. For the sake of clarity and simplicity, we refer to the plaintiff in the singular throughout this opinion.

arguments of counsel, and after thoroughly examining the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

On the morning of Friday, November 19, 2010, plaintiff arrived at 123 Priscilla Drive, Cranston, to begin his job as a foreman for a tree removal crew.[2] With him were five other employees, all of whom he directed. The plaintiff and the rest of the crew were at that location because the owner of the residence, Eugene Mollicone,[3] had contracted with MPTS, which is owned by Mr. Baird, for tree removal and trimming services.

Upon arrival, plaintiff spoke with Mr. Mollicone about the work that was to be done that day. The plaintiff informed Mr. Mollicone where plaintiff would position the trucks to complete the job and how long the job would take. Following this interaction, plaintiff set up the job site and was about to begin the day's work when one of his workers informed him that Mr. Mollicone's wife needed to get to

---

[2] The facts in this case are gleaned from the pleadings filed by the parties and from deposition testimony.

[3] The plaintiff also filed suit against Mr. Mollicone. However, plaintiff voluntarily dismissed his claims against Mr. Mollicone. This opinion therefore proceeds as if he was not a part of this case.

her car, which was in the garage and was blocked by the equipment that had just been set up in the driveway. The plaintiff and the rest of the crew then broke down the equipment, waited for Mrs. Mollicone to remove her car from the garage, and then proceeded to put the equipment back in place.

As the crew was setting up the equipment for the second time, plaintiff was positioned behind one truck, called a "bucket truck." Unbeknownst to plaintiff, the vehicle began to roll backward, and it pinned plaintiff between it and a dump truck. Then, in an apparent attempt to remove the truck from atop plaintiff, the crew set the truck in motion, causing plaintiff further injury. As a result of the undeniably serious injuries he suffered in the accident, plaintiff has undergone multiple surgeries, skin grafts, and other procedures, and he has sustained a permanent disability.

The plaintiff received workers' compensation benefits from the insurance carrier for Mulch-N-More, an affiliated company also owned by defendant Baird.[4] Mulch-N-More is a business that provides mulching services but does not provide tree cutting services. After plaintiff commuted his workers' compensation case, he filed a complaint in the Superior Court, alleging that MPTS; Mr. Baird, the President of MPTS; and Mr. Rossi, an employee of MPTS who was a member of the crew the

---

[4] The plaintiff commuted workers' compensation benefits through a settlement that was approved by a judge of the Workers' Compensation Court.

day of the accident, had been negligent. In September 2015, defendants collectively filed a motion for summary judgment.

However, the motion was not heard until August 2016, almost a year after it was filed, as a result of several continuances granted to plaintiff. Indeed, on the day that the motion for summary judgment was at last scheduled to be heard, plaintiff had yet to file an objection to the motion, provide a memorandum of law, or submit any affidavits or exhibits that would contest the facts brought forth by defendants.[5]

The central dispute between plaintiff and defendants on summary judgment was whether plaintiff was employed by MPTS, as defendants asserted, or whether plaintiff was, in fact, an employee of Mulch-N-More, a related but nevertheless distinct entity, as plaintiff insisted. The identity of plaintiff's employer was critical because, as both parties seemed to agree, if plaintiff was an employee of MPTS while he was working at the Cranston residence performing tree removal services, his tort claims against defendants would be barred by the exclusivity provision of the Workers' Compensation Act.

To support the contention that plaintiff was an employee of MPTS, defendants submitted a considerable amount of evidence. That evidence included deposition testimony in which plaintiff admitted (1) to being employed by MPTS; (2) that his

---

[5] A previous order of the Superior Court had specified that plaintiff would be given no further continuances. Therefore, the hearing justice heard the motion on that day.

job with MPTS involved cutting, trimming, and removing trees; (3) that the machinery that injured him was owned by MPTS on the day of the accident; and (4) that he wore an MPTS T-shirt and, over that, an MPTS sweatshirt. Aside from that deposition testimony, defendants submitted an MPTS safety form and a training acknowledgment form, both on MPTS letterhead, that detailed the company's safety discipline policy. The plaintiff acknowledged that he had signed those documents. The defendants further submitted a statement taken by the Cranston police in which Mr. Mollicone, the property owner, acknowledged that he hired MPTS to accomplish the work that was to take place that day. The defendants also submitted photographs of a crane that had been on the scene, on which "Mike's Professional Tree Service" was clearly written. Further, defendants submitted two affidavits. The first was an affidavit of Mr. Rossi, whom plaintiff referred to as a "co-worker," in which Mr. Rossi swore that plaintiff was an employee of MPTS. The second was an affidavit submitted by Mr. Baird, who averred that MPTS is incorporated "to engage in the general tree servicing, trimming and removal business"; that he hired plaintiff in 1997 to work for MPTS; that on the day of the accident plaintiff was a foreman working for MPTS; and that "Joshuah Selby was an employee of Mike's Professional Tree Services."

In response, plaintiff relied on three arguments. He first maintained that his complaint alleged that he was an employee of a Rhode Island company called

Mulch-N-More. Second, he argued that the deposition of Mr. Baird, which never became part of the record, but which the hearing justice agreed to read before making her decision, indicated that plaintiff was employed by Mulch-N-More, which is also a company owned by Mr. Baird.[6] Finally, he argued that the hearing justice should take judicial notice of the Workers' Compensation Court's alleged determination that plaintiff was employed by Mulch-N-More.[7] The thrust of plaintiff's argument was that Mr. Baird controlled both MPTS and Mulch-N-More; that Mulch-N-More was the entity by which plaintiff was paid and the entity that processed his workers' compensation claim; and that those facts in and of themselves created an ambiguity as to what entity was plaintiff's employer, thereby making the case inappropriate for resolution by summary judgment.

In a bench decision, the hearing justice determined that there was no genuine issue of material fact as to the identity of plaintiff's employer, which she found to

---

[6] The plaintiff's attorney described this deposition testimony as follows:

> "[I]n Mr. Baird's deposition, there were all questions where he indicated that Mr. Selby, through paycheck, payroll company, insurance documents, OSHA, W-2 and W-4 forms, and Workers' Compensation, he had indicated to third parties that Mr. Selby was, indeed, in fact an employee of Mulch-N-More and not Mike's Professional Tree."

[7] The plaintiff's attorney said: "I am telling you that the Workers' Compensation Court made a finding of fact that Joshuah Selby was, indeed, an employee of Mulch-N-More and not an employee of Mike's Professional Tree Services[.]"

be MPTS. Therefore, she granted summary judgment in favor of defendants. The plaintiff filed a timely appeal.[8]

On appeal, plaintiff maintains that, because he was paid by Mulch-N-More and it was that entity which processed his workers' compensation claim, there exists a genuine issue of material fact as to the identity of plaintiff's employer. Therefore, he argues, summary judgment was granted in error. The plaintiff also contends that Mr. Baird committed fraud by allowing plaintiff to be insured under the workers' compensation policy of Mulch-N-More while he was in reality an employee of MPTS.[9]

---

[8] The plaintiff's appeal had originally been dismissed in Superior Court for failure to comply with the rules regarding transmission of the record, and plaintiff appealed from that dismissal order. The appeal was sustained by this Court, and the order of dismissal was vacated. *Selby v. Baird*, No. 18-349-A (Nov. 18, 2019).

[9] Our review of the record indicates that this is the first time plaintiff has raised such an argument, thereby implicating our well-settled "raise-or-waive" rule. As we have explained, "in accordance with this Court's longstanding 'raise-or-waive' rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Adams v. Santander Bank, N.A.*, 183 A.3d 544, 548 (R.I. 2018) (brackets omitted) (quoting *Miller v. Wells Fargo Bank, N.A.*, 160 A.3d 975, 980 (R.I. 2017)). Nowhere in the pleadings, transcript, or memoranda in support of the motion for summary judgment is there any mention of or reference to an argument for fraud. Therefore, we conclude without hesitation that the issue of whether Mr. Baird committed fraud has been waived. *See id.*

## II

## Standard of Review

"This Court reviews a decision granting a party's motion for summary judgment *de novo*." *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 598 (R.I. 2019). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (quoting *Sullo v. Greenberg*, 68 A.3d 404, 406-07 (R.I. 2013)). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (quoting *Sullo*, 68 A.3d at 407).

## III

## Discussion

General Laws 1956 § 28-29-20 of the Workers' Compensation Act provides that an employee's right to workers' compensation benefits for an injury is "in lieu of all rights and remedies as to that injury * * * against an employer, or its directors, officers, agents, or employees[.]" An employee is barred "from filing a second cause of action on the basis of a different legal theory in circumstances in which a plaintiff

seeks recovery for the same injuries on which his or her workers' compensation claim was based." *LaFreniere v. Dutton*, 44 A.3d 1241, 1244 (R.I. 2012) (quoting *Manzi v. State*, 687 A.2d 461, 462 (R.I. 1997) (mem.)). "[A]n 'important objective of the [Workers' Compensation] [A]ct was to curtail litigation by injured employees who elected to take advantage of its expedited procedure for obtaining compensation for work-related injuries." *Id.* at 1244-45 (quoting *Sorenson v. Colibri Corp.*, 650 A.2d 125, 129 (R.I. 1994)).

The defendants argue that they are immune from suit under § 28-29-20 because Mr. Selby was an employee of MPTS. In resolving this case, we do not write upon a blank slate. Indeed, the facts presented in this case are exquisitely on point with those found in *Deus v. S.S. Peter and Paul Church*, 820 A.2d 974 (R.I. 2003) and *Sorenson*, 650 A.2d at 128.

In *Deus*, the plaintiff's mother was severely injured when she fell down a flight of stairs while she was performing cleaning duties for defendant church. *Deus*, 820 A.2d at 975. The plaintiff received workers' compensation benefits on his mother's behalf from the Diocesan Service Corporation (DSC), an entity that had been formed to provide administrative and accounting services, including workers' compensation insurance, to employees such as the defendant. *Id.* After his mother received workers' compensation benefits, the plaintiff filed a negligence action against the church for failing to properly maintain the stairway. *Id.* The plaintiff

argued that his mother was not an employee of the defendant church but was instead employed by DSC, even though the defendant was listed as Mrs. Deus's employer on her W-2 forms. *Id.*

This Court affirmed summary judgment in favor of the defendant based on the exclusivity provision in the workers' compensation statute. *Deus*, 820 A.2d at 976. We explained that "[t]he determinative factor in the existence of an employer-employee relationship is the employer's right to exercise control and superintendence over his employees." *Id.* (quoting *Sorenson*, 650 A.2d at 129). The Court noted that it was the church that determined the plaintiff's mother's hours, supervised her work activities, paid her wages, and had the authority to terminate her employment. *Id.* The Court held that the mere fact that DSC provided certain employee benefits to her, such as workers' compensation benefits, did not negate the church's status as her employer. *Id.*

Similarly, in *Sorenson*, the plaintiff, a temporary employee of an employment agency, was assigned to work for the defendant company. *Sorenson*, 650 A.2d at 127. In the course of that employment, he was injured when an unattended forklift rolled toward him and pinned him against a trailer truck. *Id.* The plaintiff's employment agency paid his wages and provided for his workers' compensation insurance. *Id.* The plaintiff subsequently filed a negligence action against the defendant, which then moved for summary judgment, arguing that the exclusivity

provision of the Workers' Compensation Act precluded any recovery against it. *Id.* In that posture, the Court evaluated the arguments against the Workers' Compensation Act's definitions of general and special employers because the issue at hand was related to a "loaned employee" situation. *Id.* at 126, 131. We determined that it would be an absurd construction of the Workers' Compensation Act for employees to receive workers' compensation benefits from their general employers but also be permitted to sue their special employers, because "[s]uch a construction would have the effect of encouraging litigation by employees that have received workers' compensation benefits, the exact opposite of what the Legislature intended." *Id.* at 129. The Court therefore concluded that, even where the general employer is responsible for workers' compensation benefits, special employers are also tort-immune under the Act. *Id.* at 132.

It is our opinion that the case before us intersects with our holdings in *Sorenson* and *Deus*. In *Sorenson*, the Court determined that, while the employment agency paid the plaintiff's salary and employment benefits, it was the defendant that exercised dominion and control over the plaintiff because it supervised him, was solely responsible for instructing him on how and where work was to be performed, supplied necessary tools and equipment, determined the amount of time that the plaintiff would be required to work, and had the right to refuse the plaintiff as an employee. *Sorenson*, 650 A.2d at 127. In *Deus*, the Court brought the standard into

even sharper focus when it determined that the church had control and superintendence over the plaintiff because it controlled her hours, had hiring and firing authority over her, and supervised her. *Deus*, 820 A.2d at 976. In *Deus*, the DSC's only role was to administer employee benefits on behalf of plaintiff. *Id.*

Here, as in *Sorenson* and *Deus*, it is uncontroverted that Mulch-N-More's sole role with respect to the plaintiff's employment was an administrative function of providing paychecks and benefits such as workers' compensation benefits. MPTS alone had dominion and control over the plaintiff. Thus, we conclude that the hearing justice properly determined that the plaintiff was employed by MPTS. We therefore hold that the hearing justice correctly granted the defendants' motion for summary judgment.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court and remand the papers in this case to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Joshuah Selby et al. v. Michael Baird et al. |
| **Case Number** | No. 2017-0421-Appeal.<br>(PC 13-5839) |
| **Date Opinion Filed** | November 5, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Timothy A Williamson, Esq.<br>Tara L. Fontaine, Esq.<br><br>For Defendants:<br><br>Scott M. Carroll, Esq. |